UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAKHONGIR KUDRATOV,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-389-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Jakhongir Kudratov, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Kudratov is a native and citizen of Uzbekistan who lawfully entered the United States on a J-1 visa in May 2019. He says he has two children who are United States citizens and he was married to a United States citizen before they got divorced due, he says, to abuse by his spouse. He alleges he has filed a self-petition under the Violence Against Women Act (Form I-360) based on the abuse, and he has filed an application to adjust his status to lawful permanent resident (Form I-485), both of which are still pending.

Kudratov alleges that on November 11, 2025, he was stopped by ICE officers on his way to work. He says they arrested him without presenting him a warrant at the time of his arrest. He was denied bond on December 1, 2025, and remains detained.

Kudratov alleges he was ordered removed on January 14, 2026, and he did not appeal his removal order. He alleges his continued detention is unlawful because he was not arrested pursuant to a warrant; he was not given prior notice of the arrest, depriving him of the opportunity to contest the charges or obtain counsel; and he did not receive an informal interview after his arrest, explaining the reasons for his detention.

Because Kudratov is subject to an order of removal that has become administratively final, the basis for his detention has shifted from 8 U.S.C. § 1226 to 8 U.S.C. § 1231. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). The removal period begins on the latest of three events: (1) when the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Because Kudratov did not file an appeal to the Board of Immigration Appeals, his January 14, 2026 removal order became final either the day it was issued, if he waived his right to appeal, *see* 8 C.F.R. § 1241.1(b), or thirty days later, on February 13, 2026, when the time to appeal to the Board of Immigration Appeals expired. *See* 8 U.S.C.

§ 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025).[1] In either case, when he filed this petition in March 2026, he was still in the 90-day removal period, during which detention is mandatory.[2] Therefore, his detention is mandated by 8 U.S.C. § 1231(a)(2), and the court may not order his release, regardless of any potential irregularities with his initial arrest. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted). Kudratov filed his petition prematurely.

Kudratov's pending VAWA petition and application to adjust his status also do not provide a basis for the court to order his release. The court cannot grant him habeas relief based on pending applications that, if granted, would prevent his removal. *See E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (concluding courts lack jurisdiction under

---

[1] The deadline to file an appeal was shorted to 10 days, effective March 9, 2026. *See* Appellate Procedures for the Board of Immigration Appeals, 91 FR 5267-01. The 10-day deadline was invalidated in *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, -- F. Supp. 3d --, No. CV 26-696 (RDM), 2026 WL 662494, at *30 (D.D.C. Mar. 8, 2026).

[2] Detention beyond the removal period is permitted in certain circumstances. *See* 8 U.S.C. § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (concluding for those whom detention beyond the removal period is authorized, § 1231(a)(6) permits detention for "a period reasonably necessary to bring about that alien's removal from the United States"). If Kudratov's removal order became final the day it issued, then he will be a few days past the removal period by the time this order issues. However, the petition only addresses the circumstances surrounding his initial arrest, which does not affect the validity of his detention under § 1231(a). Therefore, Kudratov potentially being beyond the removal period does not change the outcome based on this petition.

8 U.S.C. § 1252(g) to interfere with the execution of a removal order while noncitizen pursues administrative relief from removal order).

Kudratov's motion for a temporary restraining order (ECF 3), therefore, will be denied because he has no chance of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (preliminary injunction requires petitioner to show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest).

For these reasons, the court **DENIES** the motion for a temporary restraining order (ECF 3) and the petition (ECF 1), and **DIRECTS** the clerk to close this case.

SO ORDERED on April 20, 2026

  /s/ *Cristal C. Brisco*  
CRISTAL C. BRISCO, JUDGE  
UNITED STATES DISTRICT COURT